IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re:                                              :    Chapter 11
:
TSIC, Inc. f/k/a Sharper Image Corporation,[1]      :    Case No. 08-10322 (KG)
:
Debtor.                                             :    Re: Docket No. ___
:
---------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 363(b), (f) AND (m) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6004 AUTHORIZING TSIC TO SELL ITS RIGHTS TO THE ADDITIONAL PAYMENTS TO WHICH THE DEBTOR IS ENTITLED PURSUANT TO THE SETTLEMENT AGREEMENT WITH VISA U.S.A. INC. AND MASTERCARD INTERNATIONAL INCORPORATED <u>FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES</u>**

Upon the Motion, dated August 20, 2008 (the "<u>Motion</u>"), of TSIC, Inc. f/k/a Sharper Image Corporation, as debtor and debtor in possession (the "<u>Debtor</u>" or "<u>TSIC</u>"), pursuant to section 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for authorization to sell its rights to the Additional Payments[2] to The David B. Gold Foundation (the "<u>Purchaser</u>") free and clear of all liens, claims and encumbrances, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other notice need be provided; and a

---

[1] The address of the Debtor's principal executive offices is 350 The Embarcadero, 6th Floor, San Francisco, California 94105. The Debtor's EIN is 94-2493558.

[2] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Motion.

NY2:\1907387\03\14VQZ03!.DOC\73656.0003

hearing (the "Hearing") on the Motion having been held before the Court on September 10, 2008; and upon the record of the Hearing; and such relief being in the best interest of TSIC, its estate and creditors; and any objections to the Motion having been resolved, withdrawn or otherwise overruled by this Court; and after due deliberation, and sufficient cause appearing therefor, it is:

> ORDERED that the Motion is GRANTED; and it is further

> ORDERED that, pursuant to section 363(b) of the Bankruptcy Code, TSIC is authorized to sell its rights to the Additional Payments to the Purchaser for the consideration described in the Motion; and it is further

> ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the sale of TSIC'S rights to the Additional Payments to the Purchaser (the "Sale") shall be free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims and encumbrances have on TSIC's rights to the Additional Payments, as appropriate, subject to the rights and defenses of TSIC and any party in interest with respect thereto; and it is further

> ORDERED that the Purchaser is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code; and it is further

> ORDERED that TSIC is authorized to execute and deliver such deeds, assignments, conveyances, and other documents, and instruments of transfer and to take such other actions as may be reasonably necessary to consummate the Sale; and it is further

ORDERED that the ten-day stay under Bankruptcy Rule 6004(h) is waived.

Dated: Wilmington, Delaware
       September ___, 2008

                                                  _____
                                                  HONORABLE KEVIN GROSS
                                                  UNITED STATES BANKRUPTCY JUDGE