IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
In re: : Chapter 11
:
TSIC, Inc. f/k/a Sharper Image Corporation,[1] : Case No. 08-10322 (KG)
:
Debtor. : Re: D.I. No 2465
:
:
------------------------------------------------------------x

**ORDER GRANTING JOINT MOTION OF THE DEBTOR AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 105(a),
305(a), AND 1112(b) OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER
(I) APPROVING PROCEDURES FOR (A) THE DISMISSAL OF THE DEBTOR'S
CHAPTER 11 CASE, (B) THE DISTRIBUTION OF CERTAIN FUNDS TO HOLDERS
OF ALLOWED UNSECURED CLAIMS, AND (C) THE DISALLOWANCE OF
CERTAIN GIFT CARD CLAIMS AND (II) GRANTING CERTAIN RELATED RELIEF**

Upon the joint motion (the "Joint Motion") of TSIC, Inc., f/k/a Sharper Image Corporation, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee"), pursuant to sections 105(a), 305(a), and 1112(b) of the Bankruptcy Code, for the entry of an order (I) approving procedures for (a) the dismissal of the Debtor's chapter 11 case, (b) the reconciliation, resolution and allowance of unsecured claims against the Debtor and the making of distributions to holders of such allowed claims, and (c) the disallowance of certain gift card claims and (II) granting certain related relief; and this Court having reviewed the Joint Motion and the Palmer Declaration[2] and having conducted a hearing on the Joint Motion, at which time

---

[1] The address of the Debtor's principal executive offices is 1255 Treat Blvd, Suite 300, Walnut Creek, California 94597. The Debtor's EIN is 94-2493558.

[2] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Joint Motion with the exception of the term "Disallowed Gift Card Schedule" which is referred to herein as the "Proposed Disallowed Merchandise Certificate and Rewards Cards Schedule."

the Debtor, the Committee and all parties-in-interest were given an opportunity to be heard; and it appearing that sufficient notice of the Joint Motion having been given to parties-in-interest; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (b) notice of the Joint Motion and the opportunity for a hearing thereon was adequate and sufficient under the circumstances and no other or further notice need be given, (c) the legal and factual bases set forth in the Joint Motion constitute just cause for the relief granted herein, and (d) the relief requested in the Joint Motion is in the best interests of the Debtor's estate and creditors; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED, ADJUDGED AND DECREED THAT:

1. The Joint Motion is hereby GRANTED, to the extent set forth herein.

2. Counsel for the Committee is authorized to distribute the funds held in the GUC Escrow Account pursuant to the terms of this Order.

3. The following procedures shall govern the reconciliation, resolution and allowance of all unsecured claims asserted against the Debtor and the distributions to be made to holders of Allowed Unsecured Claims (the "Claims Resolution Process"):

   a. with respect to those unsecured claims that have not, as of the Joint Motion, been resolved by prior order of the Court, the claim amount asserted by a person or entity (each a "Claimant") who has filed an unsecured claim (or, in the absence of such a filing, the claim as provided in (i) the Debtor's schedules or (ii) schedule 5c of the Debtor's June 2012 Monthly Operating Report, whichever is larger) shall be deemed the allowed amount of such

2

claim for purposes of the distribution to be made from the GUC Escrow Account (each an "<u>Allowed Unsecured Claim</u>");

b. By no later than 7 business days after entry of this Order, counsel to the Debtor shall serve the notice attached hereto as **Exhibit A** (the "<u>Allowed Claims Notice</u>") on all Claimants; provided, however, that the Allowed Claims Notice served on those Claimants who are listed on the Claims Schedule shall also include a copy of the Claims Schedule, sorted alphabetically.

c. if a Claimant or other party (a) disputes the amount of the Allowed Unsecured Claim set forth on the Claim Schedule or (b) wishes to assert a claim that is not reflected on the Claim Schedule, such Claimant or other party (an "<u>Objecting Party</u>") shall be encouraged to contact counsel for the Committee informally and attempt to resolve its dispute amicably, without the need to file a formal Claim Objection, as defined in paragraph 3(d) below; provided, however that unless such Objecting Party has reached an agreement with counsel to the Committee regarding such Objecting Party's objection prior to the Objection Deadline, as defined in paragraph 3(d) below, the Objecting Party is required to file a Claim Objection by the Objection Deadline, notwithstanding that the Objecting Party may have reached out to counsel to the Committee in an attempt to resolve the objection.[3] For the avoidance of doubt, to the extent a Claimant or other party wishes to assert a claim that is not reflected on the Claim Schedule, the Claimant or other party need not file a proof of claim, and instead need only

---

[3] Committee counsel should be contacted by e-mail at dkatz@cooley.com or by phone at (212) 479-6457.

file a Claim Objection identifying the party asserting a right to payment, the amount claimed to be owed, and attaching any supporting documentation.

d. if an Objecting Party wishes to file a formal objection, the Objecting Party shall be required to file such objection with the Court, together with documentation supporting its claim or objection (each a "Claim Objection") on or before 4:00 p.m. Eastern Time on _September 21_, 2012 (the "Objection Deadline") and serve such Claim Objection on counsel for the Debtor and the Committee so as to be received by the Objection Deadline. In any Claim Objection, the Objecting Party must state the grounds for its objection clearly and with particularity;

e. the Committee shall be authorized to resolve any Claim Objection without further order of the Court. If counsel for the Committee and the Objecting Party cannot agree on a resolution, then an omnibus hearing to consider any such Claim Objection(s) will be held on _October 4_, 2012 at _2:00 p.m._ Eastern Time (the "Claims Hearing");

f. in the event that no Claim Objection is filed, or if all Claim Objections have been resolved prior to the Claims Hearing, counsel to the Committee will file with the Court a Certification of Counsel and Proposed Order Authorizing Distribution on Account of Allowed Unsecured Claims and scheduling Final Fee Hearing, substantially in the form annexed hereto as **Exhibit B** (the "Distribution Order"). The Distribution Order will (a) highlight any modifications made to the Claim Schedule, if any, to reflect agreements reached to resolve any formal or informal Claim

        Objections (b) authorize Committee counsel to make distributions on account of the Allowed Unsecured Claims identified in the Claim Schedule annexed to the Distribution Order, and (c) schedule a final fee hearing. The Distribution Order, with all attachments, shall be served on (a) all parties listed on the Claims Schedule, (b) all parties who have filed a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 (the "2002 Service List"), (c) the U.S. Trustee and (d) all professionals who have been retained in these cases;

g. in the event that one or more Claim Objections is filed and not resolved prior to the Claims Hearing, counsel to the Committee will submit to the Court a proposed Distribution Order promptly following the Court's ruling on such Claim Objection(s);

h. any Claimant or other interested party who does not timely file a Claim Objection shall be barred from subsequently asserting an unsecured claim against the GUC Escrow Account or from challenging the proposed Allowed Unsecured Claim amounts set forth in the Claim Schedule; and

i. distributions on account of Allowed Unsecured Claims will be made by Committee counsel from the funds held in the GUC Escrow Account within 30 days of the Court's entry of the Distribution Order.

4. Committee counsel shall be permitted to reserve $50,000 from the GUC Escrow Account to pay the fees and expenses of Committee counsel incurred in connection with the preparation and prosecution of the Joint Motion, as well as the services to be rendered in

5

connection with prosecuting the Claim Objections, to the extent any are filed, making of distributions from the GUC Escrow Account and dismissal of the chapter 11 case.

5. The requirements of Bankruptcy Rule 3007 and Local Rule 3007-1, with regard to claims objections and omnibus claims objections, are waived to the extent inconsistent with the Claims Resolution Process and the merchandise certificate and rewards card claims disallowance process.

6. Counsel to the Committee shall administer distributions to holders of Allowed Unsecured Claims from the funds held in the GUC Escrow Account in accordance with the following guidelines governing distributions:

   a. the Committee shall be authorized to make a single distribution to creditors of the funds held in the GUC Escrow Account;

   b. the Committee shall withhold from making any distribution on account of an Allowed Unsecured Claim where such distribution would be for the amount of less than $50;

   c. any distributed check that has not been claimed and/or cashed within 60 days after distribution of the check (the "Check Cashing Period") shall be deemed void and the distribution on account of such claim shall be deemed forfeited by the creditor; and

   d. any funds remaining in the GUC Escrow Account after the expiration of the Check Cashing Period and funds not distributed because distribution amounts fell below the Distribution Threshold shall be remitted to the Debtor to be used to pay administrative and/or priority claims not otherwise paid from estate funds.

7. After all distributions to holders of Allowed Unsecured Claims are made, but before the Certification of Counsel and Request for Dismissal is filed, the Debtor shall schedule a final omnibus fee hearing and professionals shall each be required to file a final request for allowance and payment of all fees and expenses incurred during this case.

8. By no later than 7 business days after entry of this Order, counsel to the Debtor shall serve the notice attached hereto as **Exhibit C** (the "Disallowed Merchandise Certificate and Rewards Cards Notice"), together with the Proposed Disallowed Merchandise Certificate and Rewards Cards Schedule, on all parties listed on that schedule.

9. If a claimant wishes to object to the treatment of its claim as set forth on the Proposed Disallowed Merchandise Certificate and Rewards Cards Schedule, such claimant must file an objection with the Court on or before 4:00 p.m. Eastern Time on September 21, 2012 (the "Disallowed Merchandise Certificate and Rewards Cards Objection Deadline") and serve such objection on counsel to the Committee and the Debtor by the Disallowed Merchandise Certificate and Rewards Cards Objection Deadline. In the event an objection (the "Merchandise Certificate and Rewards Cards Objections") is filed, then an omnibus hearing to consider any and all Merchandise Certificate and Rewards Cards Objections will be held on October 4, 2012 at 2:00 P.M. Eastern Time (the "Gift Card Claims Hearing").

10. In the event that no Merchandise Certificate and Rewards Cards Objections are filed, or if all Merchandise Certificate and Rewards Cards Objections have been resolved prior to the Gift Card Claims Hearing, counsel to the Debtor will file with the Court a Certification of Counsel and Proposed Order Disallowing the Merchandise Certificate and Rewards Cards Claims, substantially in the form annexed hereto as **Exhibit D** (the "Merchandise Certificate and

Rewards Cards Disallowance Order"). The Merchandise Certificate and Rewards Cards Disallowance Order will (a) highlight any modifications made to the Disallowed Merchandise Certificate and Rewards Card Schedule, if any, to reflect agreements reached to resolve any formal or informal Merchandise Certificate and Rewards Cards Objections. The Merchandise Certificate and Rewards Cards Disallowance Order, with all attachments, shall be served on (a) all parties whose merchandise certificates and rewards cards are disallowed by the Merchandise Certificate and Rewards Cards Disallowance Order, (b) all parties whose merchandise certificates and rewards cards are allowed by the Merchandise Certificate and Rewards Cards Disallowance Order, (c) the 2002 Service List, and (d) the U.S. Trustee.

11.   After the merchandise certificate and rewards cards claim disallowance process and Claims Resolution Process has been completed, all distributions have been made, final fee and expense applications have been adjudicated and all accrued and as yet unpaid fees owing to the U.S. Trustee have been paid, the Court shall enter an order, substantially in the form annexed hereto as **Exhibit E** (the "Dismissal Order"), upon the filing of a certification of counsel and request for entry of a dismissal order, substantially in the form annexed to the Joint Motion as Exhibit G (the "Certification of Counsel and Request for Dismissal") which Certification of Counsel and Request for Dismissal will be filed with the Court after consulting with the U.S. Trustee, counsel to the Creditors' Committee, and professionals whose final fee applications have been adjudicated by the Court. The Certification of Counsel and Request for Dismissal will, among other things, (a) verify that distributions on account of Allowed Unsecured Claims have been completed by Committee counsel, (b) verify that any additional merchandise certificate and rewards cards claims that were allowed by the Merchandise Certificate and Rewards Cards Disallowance Order have been paid in full, (c) confirm that all accrued quarterly

8

fees arising under 28 U.S.C. § 1930 have been paid in full to the U.S. Trustee's Office, and (d) request entry of the Dismissal Order.

12. Service of the notice of the filing of and hearing on the Joint Motion upon the Claimants, those claimants included on the Proposed Disallowed Merchandise Certificate and Rewards Card Schedule, and the other entities and claimants listed in the Notice provision of the Joint Motion shall constitute good and sufficient notice of the filing of the Joint Motion and all relief requested therein.

13. Service of this Order, together with all attachments and the Claims Schedule and the Proposed Disallowed Merchandise Certificate and Rewards Cards Schedule, on (a) the 2002 Service List, (b) the entities who assert administrative claims against the Debtor that have not been adjudicated by the Court, (c) the U.S. Trustee's Office, (d) the Securities and Exchange Commission, (e) the Internal Revenue Service, and (f) those state taxing authorities who filed a priority tax claim in this case shall constitute adequate and sufficient notice of the relief granted herein.

14. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in this chapter 11 case.

15. To the extent applicable, Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Dated: August 13, 2012
Wilmington, Delaware

*Kevin Gross*
Honorable Kevin Gross
Chief United States Bankruptcy Judge